# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

No. 13-943V

Filed: May 27, 2014

```
* * * * * * * * * * * * * * * * * * * * * * *
RAUL TORRES, JR., on behalf of         *      UNPUBLISHED
the estate of RAUL TORRES, SR.,        *
                                       *      Special Master Dorsey
              Petitioner,              *
                                       *
v.                                     *      Petitioner's Oral Motion to Dismiss;
                                       *      Insufficient Proof of Causation;
SECRETARY OF HEALTH                    *      Vaccine Act Entitlement; Influenza
AND HUMAN SERVICES,                    *      (Flu) Vaccine; Chronic
                                       *      Inflammatory Demyelinating
              Respondent.              *      Polyneuropathy ("CIDP"); Guillain-
                                       *      Barré Syndrome ("GBS); Death.
* * * * * * * * * * * * * * * * * * * * * * *
```

<u>Michael Adly Baseluos</u>, Baseluos Law Firm, San Antonio, TX, for Petitioner.
<u>Ryan Pyles</u>, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On November 27, 2013, Raul Torres, Jr., ("petitioner") filed a petition on behalf of the Estate of Raul Torres, Sr., pursuant to the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 <u>et seq.</u> (2006) ("Vaccine Act"). Petitioner alleged that, as a result of receiving an influenza ("flu") vaccine on December 1, 2010, Raul Torres, Sr., suffered from chronic inflammatory demyelinating polyneuropathy ("CIDP"), Guillian-Barré syndrome ("GBS"), and death.

During a status conference on May 20, 2014, petitioner's counsel moved orally for dismissal of the case. Petitioner's counsel stated that petitioner may re-file this case as a civil suit.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 and note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

To receive compensation under the Vaccine Act, petitioner must prove either 1) that Raul Torres, Sr. suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to his vaccination, or 2) that Mr. Torres, Sr. suffered an injury that was actually caused by a vaccine.  See  §§  300aa-13(a)(1)(A) and 300aa-11(c)(1).  An examination of the record did not uncover any evidence that Mr. Torres, Sr. suffered a "Table Injury."  Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that Mr. Torres, Sr.'s injuries were caused by a vaccination.

Under the Vaccine Act, a petitioner may not be awarded compensation based solely on the petitioner's claims.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa-13(a)(1).  In this case, petitioner has not filed any medical records or any opinion of a competent physician.

Therefore, the only alternative remains to DENY this petition.  **Thus, this case is dismissed for insufficient proof.  In the absence of a motion for review, the Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/ Nora Beth Dorsey
Nora Beth Dorsey
Special Master